**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CODY KRAWETZKE**                                                  **PLAINTIFF**
**ADC #165962**

**v.**                              **No: 4:24-cv-00981-JM-PSH**

**LLOYD**                                                              **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge
James M. Moody, Jr. You may file written objections to all or part of this
Recommendation.  If you do so, those objections must: (1) specifically explain the
factual and/or legal basis for your objection, and (2) be received by the Clerk of this
Court within fourteen (14) days of this Recommendation.  By not objecting, you
may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Cody Krawetzke, an inmate at the Arkansas Division of Correction's
Wrightsville Unit, filed a *pro se* complaint on November 12, 2024 (Doc. No. 2).  His
application to proceed *in forma pauperis* has been granted (Doc. No. 3). At the
Court's direction, Krawetzke filed an amended complaint to clarify his claims (Doc.
No. 4).  He subsequently filed another amended complaint (Doc. No. 7).  The Court

has reviewed Krawetzke's amended complaints and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983.   Krawetzke alleges that defendant Captain Lloyd performed a

field test on his mail and found K-2.  Doc. No. 7 at 4.  Krawetzke states that he

received a disciplinary as a result and was convicted.  *Id.* He states that he cannot

"deal with tickets or pending charges without taking a chance that I will extend my

prison sentence.  I have already lost one year of good time and my class." *Id.* at 5.

He sues Lloyd in his official capacity only and seeks reversal of his disciplinary,

court costs, and $50,000 for litigation expenses.[1]  *Id.* at 6.  For the reasons described

below, the undersigned finds he fails to describe a viable claim for relief.

   Krawetzke cannot maintain a due process claim based on the disciplinary

process unless he can "demonstrate that he was deprived of life, liberty or property

by government action."  *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003).

Krawetzke was not deprived of life or property; accordingly, he must identify the

deprivation of a liberty interest sufficient to sustain a due process challenge to his

prison disciplinary proceeding.  *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484

(1995).  A prisoner has no liberty interest in having certain procedures followed in

the disciplinary process; rather, the liberty interest arises from the "nature of the

prisoner's confinement."  *Phillips*, 320 F.3d at 847.  "In order to determine whether

---

[1] Krawetzke's claim for money damages against Lloyd in his official capacity is barred by sovereign immunity because a suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas. *See Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989).

an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). An inmate making a due process challenge to confinement in segregation is required to "make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Id.* (quoting *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)).[2]

Krawetzke states that he was sentenced to 30 days punitive isolation and 60 days restriction from phone, commissary, and visitation. Doc. No. 4 at 5. He also claims his class was reduced and he lost 365 days good time. *Id.* He does not

---

[2] *See also Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that there is no atypical and significant hardship when an inmate is demoted to segregation or deprived of commissary, phone, and visitation privileges); *Persechini v. Callaway*, 651 F.3d 802, 807 n.4 (8th Cir. 2011) (stating that inmates do not have a liberty interest in maintaining a particular classification level).

otherwise describe the conditions he endured as a result of his disciplinary convictions, and he fails to assert how any conditions to which he was exposed constituted an atypical and significant hardship. And while Krawetzke complains that his disciplinary conviction may extend his prison sentence due to the loss in good time, neither the due process clause nor Arkansas law create a liberty interest in credit for good behavior. *Roberts v. Hobbs*, No. 5:14CV00044 JLH/BD, 2014 WL 1345341, at *2 (E.D. Ark. Apr. 4, 2014). *See also Sandin*, 515 U.S. at 477; *McKinnon v. Norris*, 366 Ark. 404, 231 S.W.3d 725 (2006) (holding that meritorious good time does not apply to reduce the length of a sentence under Ark. Code Ann. § 16-90-121(d)). Krawetzke therefore fails to state a viable due process claim.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.    Krawetzke's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2.    Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 14th day of March, 2025.

                                    _____

                                    UNITED STATES MAGISTRATE JUDGE